UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      **Plaintiff,**

  vs.                                             5:20-CV-00066
                                                       (MAD/TWD)

TERESA J. CORTES-LAMB, also known
as TERESA CORTES-LAMB, CREDIT
ACCEPTANCE CORPORATION, DAN
DUNN, and ALEX MAURA,

                      **Defendants.**

---

APPEARANCES:                                OF COUNSEL:

**PINCUS LAW GROUP, PLLC -**           **CYNTHIA MALONE, ESQ.**
**NASSAU OFFICE**                           **BARRY WEISS, ESQ.**
425 RXR Plaza                                **SHERRI JENNIFER SMITH, ESQ.**
Uniondale, New York 11556
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff United States of America commenced this action on January 17, 2020, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") to foreclose a mortgage encumbering 126 Belleview Drive, Canastota, New York 13032 (the "Property"), together with the land, buildings, and other improvements located on the Property. *See* Dkt. No. 1. An amended complaint was filed on September 10, 2021. *See* Dkt. No. 21. Defendants Teresa J. Cortes-Lamb ("Cortes-Lamb"), Credit Acceptance Corporation ("CAC"), Dan Dunn ("Dunn"), and Alex Maura ("Maura") have not appeared in this action.

    Currently before the Court is Plaintiff's unopposed motion for default judgment against

Cortes-Lamb and CAC, and for amendment of the caption to dismiss Maura and Dunn. *See* Dkt. No. 32. For the reasons that follow, Plaintiff's motion for default judgment is denied, and Plaintiff's motion to amend the caption and dismiss Maura and Dunn is granted.

## II. BACKGROUND

According to the complaint, on July 24, 2009, Cortes-Lamb executed and delivered a note promising to pay $142,100.00 plus interest to Plaintiff, who was acting through the Rural Housing Service or the successor agency, the United States Department of Agriculture. *See* Dkt. No. 21 at 1, 8-10. As security for the note, a mortgage on the Property was executed, acknowledged, and delivered to Plaintiff. *See id.* at 2, 13-19. Cortes-Lamb defaulted under the terms of the note and mortgage by failing to tender the monthly payment that was due on Oct. 24, 2016, and failing to tender any subsequent monthly payments. *See id.* at 2. Pursuant to the terms of the note and mortgage, Plaintiff accelerated the payments and declared due the entire amount owed on the note. *See id.* at 2. It appears that CAC "have or may claim to have some interest in or lien upon the [Property], which ... accrued subsequently to the lien of the United States mortgage and is subsequent thereto." *Id.* at 3, 21-22. None of the Defendants have responded to the complaint or otherwise appeared in this action, and Plaintiff obtained a Clerk's entry of default as to Cortes-Lamb and CAC on November 15, 2021. *See* Dkt. No. 26.

Plaintiff now moves for default judgment against Cortes-Lamb and CAC. *See* Dkt. No. 32. Plaintiff claims that Cortes-Lamb owes a total of $213,654.54 on the note, and seeks an additional $1,354.36 in costs and $3,875.00 in attorney's fees. *See* Dkt. No. 32-4. Plaintiff also requests that any taxes, assessments, water charges, insurance premiums, and other charges necessary to protect the value of the Property be added to the total amount due. *See* Dkt. No. 21 at 3. Plaintiff alleges that it complied with the notice provisions of RPAPL § 1304 and the filing

provisions of RPAPL § 1306. *See id.* at 3-4.

### III. DISCUSSION

A.      **Entry of Default Judgment**

Once the Clerk enters a party's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the court may enter a judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered." *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citation omitted). The moving party must "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id.* (citing Fed. R. Civ. P. 55(b); N.Y.N.D. L.R. 55.1, 55.2) (other citations omitted).

The Second Circuit has "generally disfavored" granting default judgment because it is an extreme remedy, and while it may be efficient, the court must weigh its interest in expediency against the need to afford all litigants the opportunity to be heard. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (citing *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957)). Although the Second Circuit has a clear preference for deciding cases on the merits, district courts are given discretion to assess the individual circumstances of each case and grant default judgment where appropriate. *Enron Oil Corp.*, 10 F.3d at 95-96 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 503 U.S. 1006 (1992)); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). However, when a motion for default judgment is unopposed,

the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief requested." *Rusyniak v. Gensini*, No. 5:07-CV-0279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (quoting *Cossey v. David*, No. 04-CV-1501, 2007 WL 3171819, *7 (N.D.N.Y. Oct. 29, 2007)).

Plaintiff has satisfied the procedural prerequisites for obtaining a default judgment. Plaintiff has properly served Cortes-Lamb and CAC with the summons and complaint, *see* Dkt. No. 5; obtained an entry of default, *see* Dkt. No. 26; served this motion on Cortes-Lamb and CAC, *see* Dkt. No. 32-5;[1] and provided an affidavit showing that Cortes-Lamb and CAC are not infants, incompetent, or members of the United States Military Service, *see* Dkt. No. 32 at 4-5. Accordingly, the Court turns to whether Plaintiff has met its burden of demonstrating that it is entitled to the relief requested.

**B.    Article 13 of the RPAPL**

"Pursuant to New York common law, in a mortgage foreclosure action, 'a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.'" *W. Coast Servicing, Inc. v. Giammichele*, No. 1:19-CV-1193, 2022 WL 391424, *5 (N.D.N.Y. Feb. 9, 2022) (quoting *United Stated Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Here, Plaintiff has met the common law requirements to foreclose on the Property by demonstrating that Cortes-Lamb executed a note secured by a mortgage on the Property, and that Cortes-Lamb defaulted on the note. *See* Dkt. No. 21 at 1-2, 8-10, 13-19.

In addition, the RPAPL also requires the service of statutory notice on the mortgagor prior to commencing an action, *see* N.Y. Real Prop. Acts. Law § 1304; the service of statutory notice

---

[1] As required by Section 2(G) of the Individual Rules and Practices of the Hon. Mae A. D'Agostino.

on the mortgagor with the summons and complaint, *see id.* § 1303; the filing of required information with the superintendent of the New York State Department of Financial Services, *see id.* § 1306; the inclusion of statutory notice with the summons and complaint, *see id.* § 1320; and the filing of a notice of pendency, *see id.* § 1331.  In the present matter, Plaintiff has failed to meet all the procedural requirements set forth in Article 13 of the RPAPL.  Plaintiff has successfully (1) sent prior notice pursuant to Section 1304, *see* Dkt. No. 21 at 24-38; Dkt. No. 32 at 130-31; (2) filed the information required by Section 1306, *see id.* at 40; and (3) served, with the summons and complaint, notice pursuant to Section 1320 and Section 1303, *see id.* at 6; Dkt. No. 5 at 4.[2]  However, the Court finds that Plaintiff's notice of pendency is ineffective.

      The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing.  *See* N.Y. C.P.L.R. § 6501.  "New York's notice of pendency has been described as an 'extraordinary privilege,' and a 'unique provisional remedy,' principally because it may be filed without advance notice or prior judicial review, and does not depend upon a showing that the plaintiff is likely to prevail on the merits."  *Diaz v. Paterson*, 547 F.3d 88, 91 (2d Cir. 2008) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955); *In re Sakow*, 97 N.Y.2d 436, 441 (2002)).  Therefore, "the New York State Court of Appeals has mandated 'strict compliance with the[se] statutory procedural requirements' in order to offset the otherwise 'drastic impact' of this mode of relief."  *United States Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross*, 255 F. Supp. 3d 427, 433 (W.D.N.Y. 2017) (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64

---

[2] Plaintiff does not appear to have included a copy of the Section 1303 notice, but the provided "affidavit of service specifically swearing to have provided adequate § 1303 notice" is sufficient "to meet [P]laintiff's burden." *Wilmington Tr., Natl. Assn. as trustee to Citibank, N.A. v. Genao*, No. 3:20-CV-97, 2022 WL 371674, *2 (N.D.N.Y. Feb. 8, 2022).

N.Y.2d 313, 319 (1984)).  Section 1331 of the RPAPL requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording."  The notice of pendency must also be filed with a copy of the complaint, unless the complaint has already been filed in that county.  *See* N.Y. C.P.L.R. § 6511(a).

Plaintiff filed the notice of pendency with the Madison County Clerk in the State of New York, and attached only a legal description of the property.  *See* Dkt. No. 32 at 135-38.  Significantly, there are no allegations or proof that the complaint was filed with the notice of pendency, as required by C.P.L.R. § 6511(a).  The failure to file a complaint with the notice of pendency renders Plaintiff's notice "'defective and void'" and "insufficient as a matter of law to provide ... constructive notice." *Kolel Damsek Eliezer, Inc. v. Schlesinger*, 90 A.D.3d 851, 856 (2d Dep't 2011) (quoting *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3d Dep't 2005)).  Without a valid notice of pendency filed twenty days before a final judgment, Plaintiff has not complied with the statutory requirements of RPAPL § 1331.[3]

Accordingly, Plaintiff's motion for default judgment must be denied.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

[3] The Court notes that, "[a]lthough successive notices of pendency are ordinarily disfavored, they 'may be filed for purposes of prosecuting to final judgment a foreclosure action.'" *In re Aurora Com. Corp.*, No. 21-1332, 2022 WL 1931181, *3 (2d Cir. June 6, 2022) (quoting *Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 213 (2d Dep't 1989)).

**ORDERS** that Plaintiff's motion to amend the caption to dismiss Defendants Alex Maura and Dan Dunn (Dkt. No. 32) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 32) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of Madison County in the State of New York vacate Plaintiff's notice of pendency filed on January 17, 2020 (Dkt. No. 32 at 135-38); and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on the Clerk of Madison County in the State of New York by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that Plaintiff is permitted to resubmit this motion for default judgment upon the submission of a letter indicating that request together with a copy of a properly filed notice of pendency; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 21, 2022
Albany, New York

Mae A. D'Agostino
U.S. District Judge