UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      **Plaintiff,**

  vs.                                                      5:20-CV-00066
                                                                         (MAD/TWD)

**TERESA J. CORTES-LAMB, also known
as TERESA CORTES-LAMB, and CREDIT
ACCEPTANCE CORPORATION,**

                                      **Defendants.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**PINCUS LAW GROUP, PLLC -**           **CYNTHIA MALONE, ESQ.**
**NASSAU OFFICE**                            **BARRY WEISS, ESQ.**
425 RXR Plaza                                   **SHERRI JENNIFER SMITH, ESQ.**
Uniondale, New York 11556
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

       Plaintiff United States of America commenced this action on January 17, 2020, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law to foreclose a mortgage encumbering 126 Belleview Drive, Canastota, New York 13032 (the "Property"), together with the land, buildings, and other improvements located on the Property.  *See* Dkt. No. 1.  Plaintiff filed an amended complaint on September 10, 2021.  *See* Dkt. No. 21.  Defendants Teresa J. Cortes-Lamb and Credit Acceptance Corporation have not appeared in this action.  On July 21, 2022, the Court (1) granted a motion by Plaintiff to amend the caption; and (2) denied, without prejudice, a motion by Plaintiff for default judgment.  *See* Dkt. No. 34.

       Currently before the Court is Plaintiff's unopposed motion for reconsideration of that portion of the July 21, 2022 Memorandum-Decision and Order (the "July 21 Order") that denied

Plaintiff's motion for a default judgment. *See* Dkt. No. 36 at 1. "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL 4819995, *1 (N.D.N.Y. Oct. 15, 2021) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The July 21 Order found that Plaintiff had satisfied all of the prerequisites for obtaining a default judgment other than the requirement that it provide proof that the complaint in this matter was filed with the notice of pendency, as required by C.P.L.R. § 6511(a). *See* Dkt. No. 34 at 3-6. Plaintiff has now provided proof that the complaint was filed with the notice of pendency on January 17, 2020. *See* Dkt. No. 36 at 6-10. Accordingly, Plaintiff's motion for reconsideration is granted, and Plaintiff's motion for default judgment is also granted.

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration of the July 21 Order (Dkt. No. 36) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 32) is **GRANTED**; and

the Court further

    **ORDERS** that the Clerk of Madison County in the State of New York reinstate Plaintiff's notice of pendency filed on January 17, 2020; and the Court further

    **ORDERS** that the Clerk of the Court enter judgment in Plaintiff's favor and close this case; and the Court further

    **ORDERS** that Plaintiff shall serve a copy of this Order on the Clerk of Madison County in the State of New York by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 17, 2022
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge