UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Plaintiff,

  vs.                                          5:20-CV-00066
                                                  (MAD/TWD)

TERESA J. CORTES-LAMB, also known
as TERESA CORTES-LAMB, and CREDIT
ACCEPTANCE CORPORATION,

                      Defendants.

---

APPEARANCES:                                OF COUNSEL:

PINCUS LAW GROUP, PLCC-             CYNTHIA MALONE, ESQ.
NASSAU OFFICE                           BARRY WEISS, ESQ.
425 RXR Plaza                              SHERRI JENNIFER SMITH, ESQ.
Uniondale, New York 11556
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

## I. INTRODUCTION

      Plaintiff United States of America commenced this foreclosure action on January 17, 2020, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") to foreclose a mortgage encumbering 126 Belleview Drive, Canastota, New York 13032 (the "Property"), together with the land, buildings, and other improvements located on the Property. *See* Dkt. No. 1. After initially denying Plaintiff's motion for default judgment, the Court granted Plaintiff's motion for reconsideration and granted a default judgment in Plaintiff's

1

favor. *See* Dkt. Nos. 34, 36, 37, 38.[1]  Presently before the Court is Plaintiff's motion for judgment of foreclosure and sale pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 40.  For the following reasons, that motion is granted.

After carefully reviewing the entire record in this matter, the Plaintiff's submissions, and the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that Judgment of Foreclosure and Sale is entered against Teresa Cortes-Lamb a/k/a Teresa J. Cortes-Lamb in the amount of $260,815.48 with an unpaid principal balance of $148,937.93 as of April 27, 2023, with contractual interest at the rate of 4.625%, which results in a daily per diem rate of $18.8723 until entry of this order and the statutory rate thereafter; and the Court further

**ORDERS** that upon said testimony and exhibits, that the amount due Plaintiff on the Note is $142,100, together with interest as specified herein, and that the mortgaged property at 126 Belleview Drive, Canastota, New York 13032, cannot be sold in parcels; and the Court further

**ORDERS** that the Property shall be sold pursuant to RPAPL § 1351, a deed be issued in accordance with RPAPL § 1353(1), and that the sale proceeds be distributed in accordance with RPAPL § 1354; and the Court further

**ORDERS** that the Property be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL § 231(1), at a public auction at the Madison County Courthouse, 138 North Court Street, Wampsville, New York 13163, or another suitable location, by and under the direction of Yanci R. Herboldt, Esq. 4332 Heritage Drive, Apt. B05, Liverpool, New York 13090-2037, who is hereby appointed Referee to effectuate the sale of the Property; that public notice of

---

[1] The Court presumes the parties' familiarity with the facts and procedural history of this case. For a fuller statement of the background of this case, the parties are directed to the Court's July 21, 2022 Memorandum-Decision and Order.  *See* Dkt. No. 34.

the time and place of the sale be made by the Referee in compliance with RPAPL § 231(2)(a); that the Referee post copies of the Notice of Sale in three (3) conspicuous public places in Madison County, New York where the premises are located, and publish notice once weekly for four consecutive weeks in *The Oneida Daily Dispatch* or in publication in compliance with RPAPL § 231; and the Court further

**ORDERS** that the Property be sold in "as is," subject to the following:

(a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b) Any state of facts that an accurate, currently dated survey might disclose;

(c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the purchaser to evict or remove any parties in possession of the Property being foreclosed. There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

(d) The right of redemption of the United States of America, if any; and the Court further

**ORDERS** in accordance with RPAPL § 1353(1) that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale, and the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and the Court further

**ORDERS** that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and the Court further

**ORDERS** that after sale the Referee shall deposit, in their name as Referee, the initial bid deposit in their IOLA or Separate Account, in a bank or trust company authorized to transact

business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and the Court further

**ORDERS** that in accordance with RPAPL § 1351(1), upon payment of the purchase price the Referee execute a deed to the purchaser; and the Court further

**ORDERS** that in accordance with RPAPL § 1354, upon payment of the purchase price the Referee is directed to make the following payments or allowance from the sale proceeds:

> 1st: Payment pursuant to the Referee not exceeding $500.00, which represents the statutory fees for conducting the sale of the subject Property;
>
> 2nd: Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct; and
>
> 3rd: Payment to Plaintiff or its attorney for the following: (1) amount due Plaintiff in the sum of $260,815.48 including interest at the Note rate (4.625%) per annum from April 27, 2023 to the date of entry of this Judgment and, thereafter at the statutory rate provided for by 28 U.S.C. § 1961(a) until the date of transfer of the Referee's Deed; and (2) attorneys' fees in the sum of $3,875.00 as the reasonable legal fees herein, with legal interest from the date of entry of judgment hereof to the date of payment at the rate provided for by 28 U.S.C. § 1961(a);
>
> 4th: Payment of all taxes, assessments, and water rates that are liens upon the property and redemption of the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment; and the Court further

**ORDERS** that Plaintiff may, after entry of this judgment, make all necessary advances for

inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of judgment, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Judgment, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and the Court further

**ORDERS** that if Plaintiff is the purchaser at sale, the Referee shall not require Plaintiff to pay either a deposit or the bid amount but shall execute and deliver to Plaintiff a Deed of the premises sold, upon the payment of the statutory fees of $500.00 for conducting the sale of the subject Property. Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to the Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds. In accordance with RPAPL § 1354(4), the Referee shall take receipts for the money so paid out by the Referee and file the same with the Referee's report of sale, and that the Referee deposit the surplus moneys, if any, with the Treasurer of Madison County within five (5) days after same shall be received and ascertainable, to the credit of this action; that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made with Clerk of Madison County within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser; and the Court further

**ORDERS** that transfer tax is not a lien upon the Property or an expense of sale, but rather

an expense of recording the deed.  All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds.  Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and the Court further

**ORDERS** that the Referee make a report of sale in accordance with RPAPL § 1355(1) showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it within thirty (30) days of completing the sale; and the Court further

**ORDERS** that the purchaser or purchasers at such sale be let into possession on producing the Referee's Deed; and the Court further

**ORDERS** that the Defendant in this action and all persons claiming under her, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Property and each and every part thereof; and the Court further

**ORDERS** that the liens of Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though Plaintiff was named as a party Defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and the Court further

**ORDERS** that by accepting this appointment, the Referee certifies that they are qualified for appointment in compliance with all applicable rules governing the qualification of court-appointed referees; and should the Referee be disqualified from appointment pursuant to the provisions of such rules, the Referee shall promptly notify the Appointing Judge.  The appointee shall not receive any fee before filing the report of sales; and the Court further

**ORDERS** that the Referee shall not demand, accept, or receive more than the otherwise payable statutory fee of $500.00 regardless of adjournment, delay, or stay of the sale; and the

Court further

**ORDERS** that the Referee shall not accept or retain any funds for themself or pay any funds to themself except as may comply with all applicable rules and the conditions of this decision; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 26, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge